sent explicitly to a decision by the bankruptcy court.[4]

VACATED AND REMANDED.

LOUIS VUITTON, S.A. and Gucci Shops, Inc., Plaintiffs-Appellants,

v.

K–ECONO MERCHANDISE, Pun Yang Lee and In Ka Lee, Defendants-Appellees.

No. 86–1491.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1986.

Decided March 6, 1987.

Robert P. Devlin, Reboul, Macmurray, Hewitt, Maynard & Kristol, New York City, for plaintiffs-appellants.

Jeffrey S. Firestone, Stange & Firestone, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, WOOD, Circuit Judge, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

This is an action for trademark infringement, false designation of origin and unfair competition pursuant to 15 U.S.C. §§ 1114 and 1125. Plaintiffs-appellants are Louis Vuitton, S.A. and Gucci Shops, Inc. Defendants-appellees are K–Econo Merchandise, Pun Yang Lee and In Ka Lee. Appellants sell luxury merchandise throughout the United States. Both have registered trademarks at the United States Patent and Trademark Office covering distinctive patterns and/or initiallings which the public has come to recognize and value when attached to their products. Appellees are the owners of an establishment in Chicago named K–Econo. It is a small establishment with one part-time employee.

On May 29, 1985, Melvin Weinberg, an investigator hired by appellants to locate counterfeit merchandise, visited K–Econo accompanied by Gucci employee Linda Morrison. Weinberg purchased a counterfeit Vuitton camera case for $37.50. Morrison purchased a counterfeit Gucci handbag for $27. Both made their purchases with cred-

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

it cards and kept their receipts as proof of purchase at K–Econo.

On June 18, 1985 the appellants filed this action in the United States District Court for the Northern District of Illinois alleging various trademark infringement violations under 15 U.S.C. §§ 1114 and 1125. Part of the complaint contained a prayer for injunctive relief. The district court entered a seizure and impoundment order and on June 20 the order was executed at K–Econo. Three articles of counterfeit Vuitton merchandise and three articles of counterfeit Gucci merchandise were seized from approximately 100 bags on the premises.

The case was tried as a bench trial before the district court on February 24 and 25, 1986. Mr. Weinberg and the Lees testified as well as others and a stipulation of facts, pursuant to a pre-trial order, was read into the record. At the end of the trial, the district court entered a judgment as follows: "Trial ends—Bench. Court enters judgment in favor of defendant and against plaintiff." Appellants claim the district court erred in failing to make findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. Appellants request we make a *de novo* review of the record and rule as to whether appellees intentionally infringed their trademarks. In the alternative, appellants ask us to vacate and remand the case for a new trial solely on the issue of damages, applying Circuit Rule 18 in the process.

There are several reasons why the district court ruling is woefully inadequate. The first reason, as appellants correctly point out, is that the ruling can in no way be deemed to meet the requirements set forth in Rule 52(a) of the Federal Rules of Civil Procedure. The rule requires in pertinent part:

> In all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon ... Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses ... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

It is difficult to imagine a shorter or more conclusory bench ruling than the one presented to us in this case. No facts were unearthed or found, no law propounded and no reasons for the ruling explained. The ruling is simply not within the guidelines or spirit of Rule 52(a). Consequently, we cannot adequately review any findings of fact under the required clearly erroneous standard.

Ample warning has been given in the past to district court rulings too conclusory to be reviewed. In *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179 (7th Cir. 1982) we stated:

> Rule 52(a) requires that the court in a bench trial "shall find the facts specially." This means that "there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion." *Kelley v. Everglades Drainage Dist.*, 319 U.S. 415, 422, 63 S.Ct. 1141 [1145], 87 L.Ed. 1485 (1943); see, e.g., *Denofre v. Transp. Ins. Rating Bureau*, 532 F.2d 43, 45 (7th Cir.1976). Otherwise the reviewing court has no way of knowing what the facts of the case are. Certainly we cannot ourselves resolve the pervasive issues of credibility in the record of this case.... Probably the judge should have allowed the parties to submit briefs and proposed findings of fact after the close of trial and then should have issued written findings, whether numbered consecutively or narrated in an opinion, clearly resolving each genuine issue of material fact.

*Id.* at 1184.

Similar warnings were most recently given in cases such as *Mozee v. Jeffboat, Inc.*, 746 F.2d 365 (7th Cir.1984); *Jayasinghe v.*

*Bethlehem Steel Corp.*, 760 F.2d 132, 136 (7th Cir.1985); and *Andre v. Bendix Corp.*, 774 F.2d 786 (7th Cir.1985) to name just a few. The district court opinion in this case was clearly inadequate in light of the language of Rule 52(a) and past Seventh Circuit case law. It is simply unacceptable.

Additionally, we take this opportunity to serve notice of new Circuit Rule 50 (formerly Circuit Rule 20), effective March 1, 1987. All members of the Seventh Circuit bar (as well as the lower courts) should be guided by this new rule, which states:

> Whenever a district court dismisses a claim or counterclaim or grants summary judgment, the district judge shall give his or her reasons for the dismissal of the claim or counterclaim or the granting of summary judgment, either orally on the record or by written statement.

New Circuit Rule 50, along with past case law, should leave no doubt that reasons and explanations must be given by a district judge as to what facts and law have lead him to reach the ruling at bar.

Appellants would like us to make an independent review of the record and ascertain whether appellees intentionally infringed their trademarks. As a threshold matter we wonder if such a legal ruling is even necessary after *Henri's Food Products Co., Inc. v. Kraft, Inc.*, 717 F.2d 352, 359 (7th Cir.1983) (Citing *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 613 (7th Cir.1985)). However, we have little desire to adjudicate this issue at this juncture. Rather, we vacate and remand this case, without applying Circuit Rule 18, for the district judge to review the record and to make appropriate findings of fact and conclusions of law. There is no need for a new trial. To paraphrase Judge Wood's concurring opinion in *Rucker*, "Judge Duff is fully capable of reviewing this matter and clarifying his opinion and findings ... We remand this case to give Judge Duff that opportunity, rather than issue new tickets to a rerun of an old show." 669 F.2d at 1185.

It Is So Ordered.