**James L. SIMS, Plaintiff–Appellant,**

v.

**Alan LUCAS, et al., Defendants–Appellees.**

No. 92–1411.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 1993.

Decided Nov. 22, 1993.

---

James L. Sims, pro se.

Alec M. McAusland, Office of Corp. Counsel, John F. McGuire, Kelly R. Welsh, Asst. Corp. Counsels, Benna R. Solomon, Office of Corp. Counsel, Appeals Div., Chicago, IL, for defendants-appellees.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

PER CURIAM.

The plaintiff, a state prisoner convicted of criminal sexual assault, brought this civil rights suit against Chicago police officers, charging false arrest and related violations of his constitutional rights growing out of his arrest for the assault. The district judge granted summary judgment for the defendants, and dismissed the suit, without explaining why the defendants were entitled to summary judgment. The plaintiff has appealed, and in their answering brief the defendants criticize him for having failed to discuss the grounds for the grant of summary judgment. He can hardly be blamed.

 Circuit Rule 50 requires the district judge to state his grounds for granting a motion for summary judgment. No reason has been given for the district judge's failure—not his first, see *Rakestraw v. United Airlines, Inc.*, 981 F.2d 1524, 1527 (7th Cir. 1992)—to comply with the rule. The rule serves three important functions: "to create the mental discipline that an obligation to state reasons produces, to assure the parties that the court has considered the important arguments, and to enable a reviewing court to know the reasons for the judgment." *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir.1990). See also *In re Shell Oil Co.*, 966 F.2d 1130, 1132 (7th Cir.1992). The usual, and here entirely appropriate, remedy for a violation of the rule is to remand the case for compliance with it. *DiLeo v. Ernst & Young, supra*, 901 F.2d at 626. This case is therefore remanded with directions to the district judge to comply with Rule 50 within thirty days from the date of this order. The parties will have fourteen days after that to file supplemental briefs with this court if they wish, and the case will then be returned to this panel for disposition.

REMANDED WITH DIRECTIONS.