**Frank PASQUINO and Janice Pasquino, Plaintiffs–Appellees,**

**v.**

**John D. PRATHER, James Welch, and Terry Raynor, Defendants– Appellants.**

**No. 93–1107.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 5, 1993.

Decided Jan. 5, 1994.

Robert H. Howerton (argued), Harris, Lambert, Howerton & Dorris, Marion, IL, for plaintiffs-appellees.

John C. Ryan and Rebecca Whittington (argued) Feirich, Schoen, Mager & Green, Carbondale, IL, for defendants-appellants.

Before BAUER, CUDAHY, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This is an appeal by the defendants from the district court's denial of their motion for summary judgment. The plaintiffs, Frank and Janice Pasquino, brought a § 1983 action against the defendants, who are police officers, for damages arising from an alleged violation of their Fourth Amendment rights. Because the defendants maintained that the legal principles underlying the alleged violation were not clearly established when they acted, they claimed qualified immunity and

therefore moved for summary judgment. The district court, however, denied their motion in cursory fashion. We have jurisdiction over the defendants' appeal pursuant to the collateral order doctrine. *See Mitchell v. Forsythe,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985). Because the district court failed to articulate adequately the ground for its decision, we must vacate the district court's judgment and remand the case to permit the district court to provide a more plenary explanation for its decision to deny summary judgment.

I

Frank and Janice Pasquino brought an action pursuant to 42 U.S.C. § 1983 against the City of Zeigler Police Department and the three individual police officers. The Pasquinos claimed that the defendants' actions in making a warrantless entry into their home on the night of November 5, 1990 violated their Fourth Amendment rights. On July 19, 1991, all the defendants moved to dismiss the Pasquinos' complaint for failure to state a claim upon which relief could be granted. On March 23, 1992, the district court granted the police department's motion to dismiss, but denied the motions of the individual defendants. The remaining defendants then jointly filed a motion for summary judgment on November 9, 1992 on the grounds that they were entitled to qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (stating that government officials performing discretionary functions in the scope of their employment are entitled to qualified immunity unless their alleged actions violated "clear-

ly established statutory or constitutional rights of which a reasonable person would have known"). On January 8, 1993, the district court denied the defendants' summary judgment motion; however, it did so in the briefest of orders, elaborating on its decision no further than stating "that there are issue[s] of material fact that are in dispute which preclude summary judgment."

II

On appeal, both parties agree that the issue presented is whether the district court erred in denying the defendants' motion for summary judgment on the grounds of qualified immunity. However, the decision under review neither identifies the facts the district court determined to be disputed nor discusses why those disputed facts are material to the issue of qualified immunity. Rather, the district court's order simply states the standard for a ruling under Federal Rule of Civil Procedure 56(e) and concludes that the moving party, the defendants, had not met it.

█ Earlier decisions of this circuit have dealt with district court rulings too cursory to permit proper appellate review. Some of those decisions have stressed the need for compliance with Federal Rule of Civil Procedure 52(a). Rule 52(a) requires a district court which has conducted a bench trial to "find the facts specially and state separately its conclusions of law thereon."[1] Similarly, we have noted the need for clarity when setting forth the basis for remanding a removed case to state court pursuant to 28 U.S.C. § 1447(d).[2] This circuit also has ad-

---

1. In *Louis Vuitton, S.A. v. K–Econo Merchandise,* 813 F.2d 133, 134 (7th Cir.1987), we reviewed an appeal from a district court judgment which stated in full: "Trial ends—Bench. Court enters judgment in favor of defendant and against plaintiff." Because the district court's curt statement failed to set forth any basis whatsoever for its decision, we had no way of adequately engaging in appropriate appellate review. As a result, we vacated and remanded the decision. Many other such bench rulings have suffered the same fate. *See, e.g., Monarch Beverage Co., Inc. v. Tyfield Importers, Inc.,* 823 F.2d 1187, 1192 (7th Cir. 1987) (remanding the case for "the district court [to] enter more precise findings of fact and conclusions of law"); *Andre v. Bendix Corp.,* 774 F.2d 786, 799–801 (7th Cir.1985) (vacating dis-

trict court decision and remanding for new trial because the district court's "findings [were] inadequate for meaningful appellate review"); *Mozee v. Jeffboat, Inc.,* 746 F.2d 365, 370 (7th Cir.1984) (vacating and remanding for new trial because the district court "failed to make the subsidiary findings necessary for us to follow its chain of reasoning"); *Rucker v. Higher Educ. Aids Bd.,* 669 F.2d 1179, 1183–84 (7th Cir.1982) (same).

2. For instance, *In the Matter of Shell Oil Co.,* 966 F.2d 1130, 1132 (7th Cir.1992), the district court remanded a case to the state court from which it was removed by simply stating: "IT IS HEREBY ORDERED that Plaintiff's Motion for Remand is hereby granted." As a result, we were unable to discern if we even had the power to review the

dressed, in Circuit Rule 50, the related problem of unreasoned and conclusory district court orders dismissing a claim or counterclaim and granting summary judgment. Circuit Rule 50 provides:

> Whenever a district court dismisses a claim or counterclaim or grants summary judgment, the district judge shall give his or her reasons for the dismissal of the claim or counterclaim, or the granting of summary judgment, either orally on the record or by written statement.

Circuit Rule 50 serves three functions: "to create the mental discipline that an obligation to state reasons produces, to assure the parties that the court has considered the important arguments, and to enable a reviewing court to know the reasons for the judgment." *DiLeo v. Ernst & Young,* 901 F.2d 624, 626 (7th Cir.), *cert. denied,* 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990). Thus, we have made clear that Circuit Rule 50 "should leave no doubt that reasons and explanations must be given by a district judge as to what facts and law have lead [sic] him to reach the ruling at bar." *Louis Vuitton, S.A. v. K–Econo Merchandise,* 813 F.2d 133, 135 (7th Cir.1987).[3]

■ Circuit Rule 50 expressly applies only to dismissals of claims and counterclaims or grants of summary judgment—i.e., dispositive rulings for which the Federal Rules of Civil Procedure do not mandate an explication of the district court's reasons. By contrast, in the case before us, we deal not with a grant of summary judgment but rather with a denial of summary judgment. However, owing to the collateral order doctrine of *Mitchell v. Forsythe,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985) (holding that a denial of a claim of qualified immunity that turns on a matter of law is an appealable final decision under 28 U.S.C. § 1291), many nondispositive denials of summary judgment now make their way to this court as appealable orders. If a district court fails to set forth what it believes to be the disputed facts in the case, or why those disputed facts are material to the issue of qualified immunity, we have nothing but the filings of the parties. We are deprived of the benefit of the evaluation of our colleague in the district court who, after careful evaluation of the submissions of counsel, has undertaken a judicial determination of no small moment to the litigants. The progression of a case from the court of first instance to an appellate bench necessarily involves the process of refinement of the raw material of litigation. Conclusory rulings are inadequate material for the tools of the appellate bench. It is of little import that our review in such a case is de novo. The same reasons that justify the application of Circuit Rule 50 to dismissals of claims, counterclaims, and grants of summary judgment, all of which we also review de novo, apply to appealable denials of summary judgment.

■ Although we find it difficult to conceive of a situation in which the considerations that we have just outlined would not require a reasoned explanation, however brief, we decline to declare in this opinion a mandatory requirement in all qualified immunity cases. In that regard, we respectfully defer to the court's procedure committee and the process for the formulation of local rules set forth by statute. *See* 28 U.S.C. § 2077. In the case before us, however, the necessity for such an explanation by the district court is clear. As far as we can tell, there exists a relatively close question as to whether the defendant officers should have been granted summary judgment based on their claim of qualified immunity. It was

---

district court's remand, much less whether the remand was appropriate. We thus required the district court to explain its decision to remand the case to state court. Similarly, in *In the Matter of Amoco Petroleum Additives Co.,* 964 F.2d 706, 708 (7th Cir.1992), we found it impossible to tell whether the district court had remanded because of a defect in jurisdiction at the time of removal or because of a later development in the litigation. We stated: "Unless the district courts explain their orders, we cannot carry out our duties. Neither the parties nor a reviewing court should be compelled to guess at

the reasons for a decision...." *Id.; see also id.* at 708–09 ("Appellate judges are no better than average mind readers, which creates difficulties in reviewing unexplained acts.").

**3.** *See, e.g., Rakestraw v. United Airlines, Inc.,* 981 F.2d 1524, 1527 (7th Cir.1992) (explaining remand of district court decision which adopted a party's briefs as its statement of reasons), *cert. denied,* —— U.S. ——, 114 S.Ct. 286, 126 L.Ed.2d 236 (1993); *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir.1992) (same).

therefore important for the trial court to isolate what it deemed to be the genuine issues of material fact, rather than merely informing us that such facts existed.

On remand, we respectfully suggest that, in order to facilitate the prompt disposition of this matter, the district court begin by determining whether the parties have complied with the local rules of the district court with respect to the material submitted in support of and in opposition to the motion for summary judgment. Although the Local Rules of the Southern District of Illinois appear to be somewhat less stringent than those in some of the other districts of this circuit, we have reservations as to whether the submission of entire depositions is compatible with these rules. *See* Local Rule 14(c). Yet one party has proceeded in that fashion. We also leave it to the district court to determine whether the parties complied with Local Rule 5(d) and submitted a "*concise* statement of the genuine issues*" (emphasis added). Counsels' compliance with the local rules makes the district court's task a great deal easier; the district court has the right to expect that assistance.

### Conclusion

For the foregoing reasons, we vacate the order of the district court and remand for proceedings not inconsistent with this opinion. We emphasize that we intimate no view on the merits of the case. If the parties determine, after the district court has completed its work, that they wish to return to this court, the case may be docketed in this court without the payment of the usual docketing fee. Upon docketing the case in this court, the parties are to advise the Clerk that the case is to be returned to this panel. The parties may proceed on the briefs filed in this appeal or, if they deem it necessary, may file, within fourteen days of the docketing of the appeal, supplemental briefs not to exceed twenty-five pages. No costs are to be assessed in the instant appeal.

VACATED AND REMANDED WITH INSTRUCTIONS; NO COSTS ARE TO BE ASSESSED.