In re POWDERHORN SKI & DEVELOPMENT CORPORATION, d/b/a Powderhorn Resort Corporation.

Richard R. CLEMENTS, A.P.C., on behalf of himself and Reinjohn, Clements, Burgess & Holston, a dissolved partnership, Appellant,

v.

Tom H. CONNOLLY, Chapter 11 trustee, Appellee.

Civil Action No. 95–K–2992.

United States District Court, D. Colorado.

April 23, 1996.

Richard R. Clements, Signal Hill, CA, Pro Se.

Joli Ann Lofstedt, Connolly & Halloran, P.C., Boulder, CO, for Appellee.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

Attorney Richard R. Clements, A.P.C. ("Clements"), appeals from two orders issued by the bankruptcy court on November 21, 1995, sustaining the trustee's objections to claims filed on behalf of himself and his former law firm for services provided and costs advanced to Debtors. Clements contends the claims were filed in accordance with the bankruptcy rules and are therefore *prima facie* valid as a matter of law. Because the trustee failed to rebut the presumption with any evidence of his own, Clements asserts the presumption stands and the objection should have been over-

ruled. The bankruptcy court's "findings" to the contrary, he concludes, were "clearly erroneous."

The argument is not only formalistic, but fanciful given the utter absence of any factual findings in the record. There simply is nothing for me, sitting as an appellate judge, to review. The bankruptcy court disallowed the claims and entered judgment against Clements in a conclusory ruling that failed to mention either the basis for the claims or the trustee's objections to them. The evidentiary issue raised on appeal was never addressed. Because there is no basis for appellate review, I vacate the November 21 Orders and remand the matter to the bankruptcy court.

## I. FACTS AND PROCEDURAL HISTORY

The Chapter 11 bankruptcy petitions of Debtors Mesa Ski Corporation ("Mesa") and Powderhorn Ski and Development Corporation ("Powderhorn") were converted to Chapter 7 and transferred from Texas to Colorado in September 1991. Clements, first as a member of Reinjohn, Clements, Burgess & Holston ("Reinjohn") and then, after the Reinjohn firm dissolved, on his own, provided pre-petition legal services to Powder Mountain Ski Corporation ("PMSC").[1] Clements contends that Powderhorn acquired 100% of PMSC's stock in 1982 and that he, while at Reinjohn, provided legal services in connection with the acquisition. He also contends that he continued thereafter to provide legal services to both Powderhorn and PMSC at Powderhorn's request.

In May 1992, Clements filed three proofs of claim in the underlying Chapter 7 proceedings. In Claim Nos. 135 ("Mesa Claim 135") and 199 ("Powderhorn Claim 199"), Clements claims Reinjohn's fees for services rendered and costs advanced to Debtors in the amount of $334,985.59. In Claim No. 206 ("Powderhorn Claim 206") Clements claims his fees for services rendered and costs advanced to Powderhorn in the amount of $81,269.10.

On February 17, 1995, trustee Tom Connolly (the "Trustee") filed objections to the

---

**1.** PMSC filed for bankruptcy protection in Nevada in October 1977.

claims. The Trustee objected to Mesa Claim 135 and Powderhorn Claim 199 on the basis that they were without proper fee application and not supported by adequate detail. He also objected that the professional services were rendered for entities other than Mesa or Powderhorn and that they were of little or no value to them. The Trustee objected to Powderhorn Claim 206 on grounds Clements' proof of claim was defective. Clements responded on April 25, 1995, and requested a hearing.

The parties attempted for the next several months to settle the objections. Believing Clements had failed to provide sufficient evidence of his claims, the Trustee refused to agree to their allowance and filed a certificate of contested matter with the bankruptcy court. A hearing was set for November 7, 1995.

One week before the hearing, Clements filed a motion pursuant to Rule 9014, Fed. R.Bankr.P., requesting that the Trustee's objection be treated as a contested matter and that he be allowed to conduct further discovery. The day before the hearing, Clements contacted the Trustee to request a continuance of the hearing. The Trustee responded that while he would not object to a continuance, he could not assure Clements one would be granted. Clements then contacted the court to ask whether he could present his case by phone. *See* Tr. Nov. 7, 1995 H. (R.Vol. II) at 3:2–14, 14:11–15 (comments of Judge Brumbaugh). When he was told Judge Brumbaugh does not take evidence by telephone, Clements reportedly stated that " 'all of his evidence ha[d] already been filed.' " *Id.* at 3:13–14, 14:14–15.

Clements, who practices in California, did not appear at the November 7 hearing. Commenting that Clements "had plenty of time to do discovery if he wanted to do discovery," Judge Brumbaugh sustained the Trustee's objections and reduced Clements' Claims 135, 199, and 206 to zero. Tr. Nov. 7, 1995 Hg. (R.Vol. II) at 14:22–24. Judge Brumbaugh entered summary written orders disallowing the claims on November 21, 1995. *See* Orders (R.Vol. I, Tabs 756–757). He made no findings of fact or conclusions of law.

## II. *STANDARD OF REVIEW*

Both sides assert the issue on appeal is whether they met their respective burdens of production and persuasion under Rule 3001. The bankruptcy court's "findings" on this issue, they suggest, are reviewable under the clearly erroneous standard. There are, however, no findings to review. Whether as a sanction for failing to appear at the November 7 hearing or on the basis of the pleadings, the bankruptcy court entered default judgment against Clements. There is no basis for meaningful review.

## III. *DISCUSSION*

■ For the purposes of this appeal, I set forth in their entirety the bankruptcy court's comments regarding Clements' claims. At the beginning of the November 7 hearing, the following colloquy took place:

[After appearances for the present parties were entered.]

THE COURT: Is there a Mr. Clements present?

MR. CONNOLLY: No, Your Honor, Mr. Clements is not present. Mr. Clements filed a pleading called, "Motion for Treatment of Trustee's Objection to Claim," asking that this Court treat those claims as contested matters, and give him an opportunity to do some discovery.

That motion is a little confusing to us; that is, Mr. Clements had filed a claim and we had filed an objection, and we thought that created a contested matter and that we'd had a discovery period, but last— yesterday afternoon, Mr. Clements called us and felt that he had not really gotten a fair opportunity, or somehow was misled or did not understand the procedures here, and requested that we—he have a continuance and an opportunity to do some discovery on his claim, and—

THE COURT: Well, I wonder which— whose chain he's pulling here, because he called my chambers two or three times yesterday, and my secretary talked to him, wanting to know if he could handle this matter by phone this morning, and when he was informed that I don't take evidence

over the phone, he—the remark was made that, well, all of his evidence has already been filed.

MR. CONNOLLY: It's probably inappropriate for me to comment on the merits of his claim right now, but we told him that we would convey to you his request, and say that we wouldn't oppose, if the Court felt it appropriate to give him a further opportunity for a hearing, but we would request that if the Court grants a continuance, that we set a very prompt status conference at which a 26(f) order should be entered so that we can get this thing to the merits as promptly as can be.

THE COURT: All right. The Jessops [other claimants], you've reached an agreement with Mr. Jessop and . . . .

Tr. Nov. 7, 1995 Hg. (R.Vol. II) at pp. 2–3.

Later, the Clements claims were addressed as follows:

THE COURT: All right. Well, let's take up the Clements matter. The communications that I had yesterday was [sic] that he wanted to present the matter by phone. He was informed that I didn't take evidence by phone, and the response was, all of his evidence has been filed. He has chosen not to appear today. The matter was duly set for hearing on your objection, and the matter was set—well, the notice of the hearing went out October 17th for a hearing this morning, but your objection was filed some time ago.

MR. CONNOLLY: February [1995], I believe.

THE COURT: Yes. He's had plenty of time to do discovery if he wanted to do discovery. Therefore, I'm going to sustain your objections to his claims, which reduces his claims to zero.

All right. So now, all we have left is your compensation . . . .

Id. at pp. 14–15.

In its November 21, 1995 written order denying Mesa Claim 135 and Powderhorn Claim 199, the bankruptcy court stated:

The Court after proper notice and a hearing on Trustee's Objection to Mesa Claim Number 135 and Powderhorn Claim Number 199, filed by Reinjohn, Clements,

Burgess & Holston (the "Claimant") and the response to such objection filed by the Claimant, the Court hereby finds that Claimant had sufficient opportunity to pursue his claims, and therefore,

IT IS HEREBY:

ORDERED that a continuance of this contested matter is hereby DENIED, and

IT IS FURTHER ORDERED that Mesa Claim Number 135 and Powderhorn Claim Number 199 are hereby DISALLOWED.

(R.Vol. I, Tab 756.) An identical order was issued disallowing Powderhorn Claim 206. (Id., Tab 757.)

Based on this record, it is unclear whether the bankruptcy court entered judgment against Clements based on the pleadings or as a sanction for his failure to appear at the November 7 hearing. The distinction is immaterial, however, as meaningful review of either is impossible.

██ Conclusory rulings are inadequate material for the tools of the appellate bench. Pasquino v. Prather, 13 F.3d 1049, 1051 (7th Cir.1994) (vacating and remanding civil rights action against police officers where district court failed to identify what it believed to be genuine issues of material fact precluding entry of summary judgment). Where a lower court fails to set forth the facts upon which it relies or the legal basis for its decisions, meaningful review is impossible. There simply can be no determination of whether the court applied the correct legal test to properly found facts. See Wildbur v. ARCO Chem. Co., 974 F.2d 631, 644 (5th Cir.1992). Rule 52(a), providing that formal findings of fact and conclusions of law are unnecessary in decisions on motions, does not relieve the lower court of its duty to provide a basis in the record for meaningful review of its decisions. See Telectronics Pacing Sys., Inc. v. Ventritex, Inc., 982 F.2d 1520, 1526–27 (Fed.Cir.1992).

██ If judgment was entered against Clements in this case as a sanction for his failure to appear, the bankruptcy court's failure to consider on the record the basis for the sanction was an abuse of discretion. See

*Mobley v. McCormick,* 40 F.3d 337, 340–41 (10th Cir.1994). In *Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993), the Tenth Circuit cited five criteria that should be considered by a trial court before dismissing a litigant's complaint as a sanction for failing to comply with court rules. These criteria include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)). The failure of a trial court to evaluate and weigh these factors on the record prohibits meaningful review and amounts to an abuse of discretion. *Mobley,* 40 F.3d at 341.[2]

■ My ruling today is not intended to condone the impassivity of Clements in the proceedings below or the formalistic arguments on which he relied. Clements' last-minute telephone calls to the Trustee and the court seeking to avoid having to appear at the November 7 hearing belie the seriousness in which he purports to hold his claims. His reliance on evidentiary presumptions rather than the merits of his claims further weakens his arguments on appeal.[3]

## IV. CONCLUSION

The bankruptcy court's failure either in the record or in his November 21, 1995 Orders to set forth a basis for the disallowance of Appellant's claims precludes any meaningful review on appeal.

IT IS ORDERED that the November 21, 1995 Orders disallowing Appellant's Mesa Claim 135 and Powderhorn Claims 199 and 206 are VACATED and the matter is REMANDED to the bankruptcy court for proceedings in accordance with this opinion.

---

**2.** I see no reason to view the entry of default judgment under Rule 55 as a sanction any differently than the involuntary dismissal of an action under Rule 41(b) for the same reason. If the bankruptcy court entered judgment against Clements for failing to appear at the November 7 hearing, he should have addressed the *Ehrenhaus* factors on the record. *See Mobley,* 40 F.3d at 340–41 (no principled distinction between sanctions imposed for discovery abuses and those imposed for noncompliance with other orders).

**3.** Regardless of the evidentiary effect of a proof of claim under Bankruptcy Rule 3001(f), the ultimate burden of persuasion remains with the proponent of the proof of claim. *See In re Fullmer,* 962 F.2d 1463, 1466 (10th Cir.1992) (citing *In re Wells,* 51 B.R. 563, 566 (D.Colo.1985)). Clements made no effort to meet his burden of persuasion. Instead, he rested on the technical evidentiary argument that by failing to present independent evidence to rebut the presumption of validity afforded claims under Rule 3001(f), the presumption stood and his claims remained valid.