**WESTERN STATES INSURANCE COMPANY and United Security Insurance Company, Plaintiffs–Appellees,**

v.

**WISCONSIN WHOLESALE TIRE, INCORPORATED, Defendant, Third–Party Plaintiff–Appellant,**

v.

**Richard FRIEDENBERG, Klafter Insurance Company, doing business as Degeus & Klafter, and ABC Insurance Company, Third–Party Defendants–Appellees.**

No. 97–3918.

United States Court of Appeals, Seventh Circuit.

Argued May 12, 1998.

Decided June 22, 1998.

Carolyn J. Jones (argued), Ian M. Sherman, Rooks, Pitts, & Poust, Chicago, IL, for Plaintiffs–Appellees.

James E. Culhane (argued), Davis & Kuelthau, Milwaukee, WI, for Defendant–Appellant Wisconsin Wholesale Tire, Inc.

Before COFFEY, EASTERBROOK and ROVNER, Circuit Judges.

PER CURIAM.

After being sued in Wisconsin state court by MITA Enterprises, Inc. ("MITA"), Wisconsin Wholesale Tire, Inc. ("Wisconsin Tire") agreed to pay $100,000 in settlement of ·MITA's claim. Wisconsin Tire then sought to recover that amount along with defense costs from its insurers, who responded with this declaratory judgment action under the diversity jurisdiction. On cross-motions for summary judgment, the district court found that Wisconsin Tire was not covered under the policies at issue for the injuries alleged in MITA's complaint. In this appeal, Wisconsin Tire contends that two policies provide it with coverage—a "garage policy" issued by United Security Insurance Company ("United Security"), because MITA's complaint alleged a "personal injury" covered by that policy, and an umbrella policy issued by Western States Insurance Company ("Western States"), because the complaint alleged an "advertising injury." The United Security garage policy defines a "personal injury" to include an "[o]ral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." Wisconsin Tire contends that because MITA alleged an injury to its business reputation, it necessarily alleged that its business and products had been disparaged. Under Western States' umbrella policy, meanwhile, an "advertising injury" is one that arises out of the insured's advertising activities and involves one or more of a number of listed offenses, including "unfair competition." Wisconsin Tire contends that MITA alleged an "advertising injury" covered by the umbrella policy because it alleged that Wisconsin Tire had engaged in unfair competition by means of print advertising. The district judge rejected those arguments but neglected to explain why. That oversight violated our Circuit Rule 50 and necessitates a remand to enable the judge to comply with the rule.

Circuit Rule 50 provides in pertinent part as follows:

Whenever a district court resolves any claim or counterclaim on the merits, terminates the litigation in its court (as by re-

manding or transferring the case, or denying leave to proceed in forma pauperis with or without prejudice), or enters an interlocutory order that may be appealed to the court of appeals, the judge shall give his or her reasons, either orally on the record or by written statement.

■ We have explained that the rule serves three important functions: "to create the mental discipline that an obligation to state reasons produces, to assure the parties that the court has considered the important arguments, and to enable a reviewing court to know the reasons for the judgment." *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir.), *cert. denied*, 498 U.S. 941, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990); *see also Pasquino v. Prather*, 13 F.3d 1049, 1051 (7th Cir. 1994); *Sims v. Lucas*, 9 F.3d 1293, 1294 (7th Cir.1993) (per curiam). The purposes of the rule are not met, however, if the "reasons" provided are so conclusory that the judge's line of thinking cannot be discerned. To that end, we have interpreted the rule as requiring district judges to "analyze the facts in relation to the law," rather than merely to provide conclusions on the controlling issues. *Members v. Paige*, 140 F.3d 699, 701 (7th Cir.1998); *see also LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir.1995) (Circuit Rule 50 requires a "clear explication" of the district court's reasoning); *Pasquino*, 13 F.3d at 1051 (rule requires "reasons and explanations" as to the facts and law leading to the ultimate conclusion). That interpretation is consistent with our decisions predating the rule, which required district courts not only to make ultimate findings on issues central to a case, but to include sufficient subsidiary findings to enable the parties and the reviewing court to follow the relevant line of reasoning. *See, e.g., In re X–Cel, Inc.*, 776 F.2d 130, 134 (7th Cir.1985); *Andre v. Bendix Corp.*, 774 F.2d 786, 801 (7th Cir. 1985); *Mozee v. Jeffboat, Inc.*, 746 F.2d 365, 370 (7th Cir.1984); *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1183 (7th Cir.1982). We emphasize again today, then, what should have been clear for some time— that it is inadequate under Circuit Rule 50 for a court merely to provide bare conclu-

sions on issues central to the resolution of a case; the court must instead conduct an analysis of the relevant facts and law leading to its conclusions.

■ In the instant case, the district court entered what it labeled a "Summary Judgment Order" resolving the parties' cross-motions for summary judgment. The court's order includes numbered "findings of fact" and "conclusions of law" addressed to each of the four counts in the insurers' complaint for declaratory judgment. What the order terms "conclusions of law," however, are barely that—they are the barest of conclusions on the coverage issues themselves, and they appear to have been made without reference to any legal authority.[1] With respect to its interpretation of both the garage and umbrella policies under which coverage is claimed, for instance, the district court concludes that Illinois law governs. (R. 101, at 7 & 9.) The court does not tell us why that is so, just that it is. And as the arguments advanced to this court by Wisconsin Tire demonstrate, the matter is not free from doubt, especially with respect to United Security's garage policy, which insures a risk located in the State of Wisconsin. On the coverage issues themselves, the court rejects coverage under the garage policy because "[t]he MITA Complaint does not allege injury arising out of 'oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services[;]' therefore, the MITA Complaint does not allege 'personal injury' as defined by the policy." (*Id.* at 8.) The order similarly concludes that there is no coverage under the umbrella policy:

> The MITA Complaint does not allege (1) "oral or written publication of material that defames, slanders or libels a person or organization or disparages a person's or organization's goods, products or services," (2) "piracy, unfair competition, or misappropriation of ideas or style of doing business," or (3) "infringement of copyright, title or slogan." Therefore, the MITA Complaint does not allege "advertising injury" as defined in the policy.

---

1. Indeed, not a single case is cited throughout the "Summary Judgment Order."

*(Id.* at 7.) These are bare conclusions that simply recite the language of the policies; they fail in any sense to address Wisconsin Tire's arguments supporting its claim to coverage or the case law relevant to the coverage issues. From the reasons given, we know only that the district judge believes there is no coverage, not why that is so. The court's order therefore fails to comply with Circuit Rule 50.

We raised this troubling issue with the parties at oral argument and were told by counsel for the insurers that the court's actual reasons may be found in the rather lengthy transcripts of a two-day hearing addressed to the summary judgment motions. In a supplemental memorandum filed with our permission after argument, moreover, the insurers again point to these transcripts, highlighting the various locations within the 160 or so pages where the court's rulings on various issues may be found. It is entirely appropriate for us to look to these transcripts, plaintiffs tell us, because Circuit Rule 50 contemplates that reasons may be made "orally on the record," as well as by written statement. That is indeed what the rule says, and as a result, we would have no quarrel with a busy district judge who articulates reasons for a dispositive order on the record, rather than by way of a written opinion. But one look at the "Summary Judgment Order" in this case establishes that that is not what Judge Clevert did here. He instead issued a written opinion that purports to include all of the relevant findings and conclusions that led him to grant summary judgment for the plaintiffs. That opinion makes no reference to the two transcripts plaintiffs now attempt to characterize as the court's Circuit Rule 50 findings. Nor has either party directed us to any location in the transcripts where the judge could be said to have indicated that his comments on the various issues—sprinkled as they were throughout the transcripts—would represent his reasons for purposes of the circuit rule. Instead, after entertaining argument on the various issues over a two-day period, the judge asked plaintiffs' counsel to prepare written findings and conclusions consistent with the court's comments over the course of the hearing.[2] Counsel proceeded to prepare the conclusory findings we have discussed, and the district judge entered the findings as his opinion after making two cosmetic changes in his own hand.[3] By entering the written summary judgment order, the judge represented to us that his reasons in compliance with Circuit Rule 50 could be found therein. The order purported to be self-contained, for it neither incorporated the transcripts from the hearing, nor directed us to any other location in the record where additional reasons could be found. In these circumstances, it is not our obligation to undertake the task of scouring the record in the hopes that we will be able to patch together the chain of the district court's reasoning. That would defeat the purposes of our circuit rule. The requirements of the rule are straightforward, and they clearly were violated here.

■ Our customary approach to a Circuit Rule 50 violation is to remand to enable the

---

**2.** When the judge first made that request, he was unaware that the effect of his comments on the various issues would be to render summary judgment in favor of the insurance companies, for at that point, the judge still contemplated the need for a trial. (*See* July 17, 1997 Tr. at 43.)

**3.** We take this occasion to again offer a word of caution to our district court colleagues about the practice of entering as a judicial opinion or order findings drafted entirely by counsel for one party or the other. *See, e.g., Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 313–14 (7th Cir. 1986). The practice is more commonplace, although still criticized, where there has been a bench trial, and the court has directed the parties to submit proposed findings of fact and conclusions of law to facilitate its compliance with

Fed.R.Civ.P. 52(a). *See Anderson v. Bessemer City,* 470 U.S. 564, 571–72, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *United States v. El Paso Natural Gas Co.,* 376 U.S. 651, 656 & n. 4, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964). But we have condemned the practice even in that circumstance where the judge first announces his decision in open court and then asks the prevailing party to submit proposed findings substantiating his decision. *See Holbrook v. Institutional Ins. Co. of Am.,* 369 F.2d 236, 242 (7th Cir.1966); *cf. Novo Industri A/S v. Travenol Lab., Inc.,* 677 F.2d 1202, 1212–13 (7th Cir.1982). The practice of entering as a judicial opinion the work product of counsel is even less defensible, however, at the summary judgment stage, and especially so in a case as relatively uncomplicated as this one.

district judge to remedy his oversight. *Seguban*, 54 F.3d at 393; *Sims*, 9 F.3d at 1294. That is no doubt appropriate in this case. We therefore remand with directions that the district judge comply with Circuit Rule 50 within forty-five days of the date of our opinion. The parties shall have fourteen days thereafter to file supplemental briefs with this court if they wish, at which time the case will be returned to this panel for disposition.

REMANDED WITH DIRECTIONS.