**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019[*]
Decided November 27, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 19-2032

| | |
|---|---|
| SCOTT R. SCHMIDT, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-0099 |
| WALWORTH COUNTY, et al., <br> *Defendants-Appellees.* | Lynn Adelman, <br> *Judge.* |

**O R D E R**

Scott Schmidt appeals the denial of his costs and expenses as part of an otherwise successful motion to remand his case to state court. *See* 28 U.S.C. § 1447(c). His complaint invokes Wisconsin law, as well as 42 U.S.C. § 1983 and several clauses of the United States Constitution. Because the purported federal claims gave the defendants a reasonable basis to seek removal, the district court reasonably denied Schmidt his costs and expenses, so we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Schmidt's complaint primarily asserts that Wisconsin officials violated state law when enforcing a state-court judgment against him. According to Schmidt, a Wisconsin circuit court entered a judgment against him for unpaid debts arising from a prior criminal case and certified the judgment to Wisconsin's Department of Revenue. The Department then, contrary to state law, drew funds from two of his bank accounts to satisfy the judgment. In his complaint, citing 42 U.S.C. § 1983, he also asserts that these officials violated the "Equal Protection" and "Ex Post Facto" clauses of the Constitution and "Due Process of Law."

The defendants removed the case to federal court. They asserted that the complaint presented a federal question under 42 U.S.C. § 1983 because Schmidt alleged several violations of the Constitution. Schmidt moved to remand, arguing that not all defendants consented to the removal and that his claims arose under state law. He also moved for his expenses and costs, contending that the defendants lacked an objectively reasonable basis for removal.

The district court granted Schmidt's motion to remand but denied the motion "in all other respects." In doing so, it referenced an earlier order explaining that Schmidt did not allege federal claims under any of the three constitutional clauses detailed in his complaint. Violations of state law are not themselves violations of federal due process; Schmidt did not allege he was part of a class covered by the equal-protection clause; and the ex post facto clause does not apply to collecting criminal judgments. The court added that the *Rooker-Feldman* doctrine likely blocked some of these claims, too. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). The district court did not address the consent issue because, without subject-matter jurisdiction, it correctly decided that it had to remand the case. *See* 28 U.S.C. § 1447(c).

Schmidt appeals the denial of his costs and expenses. He argues that because in its remand order the district court never articulated why it denied his request for costs and expenses, it violated Circuit Rule 50 and thus abused its discretion. But even if Circuit Rule 50 applies to the ruling on Schmidt's motion, this court may still evaluate the ruling when the "reasons are apparent from the record." *Ross Bros. Constr. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990); *see also Wolf v. Kennelly*, 574 F.3d 406, 410–11 (7th Cir. 2009). The cases Schmidt cites are distinguishable because in those cases we could glean no reasons from the record for the district courts' remand decisions. *Compare In re Shell Oil Co.*, 966 F.2d 1130, 1132 (7th Cir. 1992) (remanding where court had "no idea" of reasons underlying decision to remand), *and Louis Vuitton, S.A. v.*

*K-Econo Merch.*, 813 F.2d 133, 134–35 (7th Cir. 1987) (same, regarding findings of fact and law after bench trial), *with In re Amoco Petrol. Additives Co.*, 964 F.2d 706, 707–09 (7th Cir. 1992) (noting lack of reasons in remand order but inferring from record).

The court's reasons for denying the request for costs and expenses are both apparent from the ruling that preceded the remand order and proper. In the briefing before the district court, Schmidt correctly stated that a district court may, upon remanding a case, award costs under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007). Thus the court was aware of the standard. It is also apparent from the earlier ruling that the district court properly applied that standard. It determined that the defendants had a reasonable basis to seek removal because the complaint named three federal-law bases for removal. *See* 28 U.S.C. §§ 1331, 1441(a). Although the court analyzed each asserted federal basis and decided that none stated a valid claim, the naming of the three in the complaint gave the defendants reasonable grounds to seek removal.

Finally, Schmidt argues that the defendants' lack of unanimous consent to removal was itself an unreasonable basis for removal. But this argument conflates the proper procedure for removal with removal jurisdiction. *Compare* 28 U.S.C. § 1446(b) (describing procedure), *with* 28 U.S.C. § 1441(a) (describing jurisdiction). Only the objective absence of the latter can justify an award of costs. *See Martin*, 546 U.S. at 141. As we have just explained, the complaint presented an apparent ground for removal jurisdiction and therefore a legitimate reason to deny an award of costs and expenses.

AFFIRMED