In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1578

Ross Brothers Construction Co., Inc.,

Plaintiff-Appellant,

v.

International Steel Services, Inc. and
American Iron Oxide Company,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Indiana, Evansville Division.
No. 00 C 27--Richard L. Young, Judge.

Argued October 26, 2001--Decided March 18, 2002

Before Posner, Manion, and Diane P. Wood,
Circuit Judges.

Manion, Circuit Judge. Ross Brothers
Construction Company, Inc. brought suit
against International Steel Services,
Inc. and American Oxide Company to
recover damages for labor and materials
it furnished during a construction
project. Ross sued International Steel
for breach of contract, and sought to
foreclose on a mechanic's lien that it
filed against real estate owned by
American Oxide. The defendants moved for
summary judgment, seeking to have the
breach of contract claim dismissed and
transferred to arbitration, and the
mechanic's lien released and discharged.
During the course of the summary judgment
proceedings, a dispute arose as to the
number of purchase order agreements at
issue in the litigation. Ross argued that
it was seeking relief pursuant to three
separate purchase order agreements. The
defendants, however, contended that Ross'
complaint only stated claims for relief
under one purchase order agreement, not
three. The district court held that Ross'
complaint only requested relief under one
purchase order agreement, and granted the
defendants' motion for summary judgment
as to that agreement. The plaintiff
appeals, and we reverse and remand for
further proceedings.

I.

On May 10, 1999, Ross Brothers Construction Co., Inc. entered into a purchase order agreement ("P.O. 130") with defendant International Steel Services, Inc. whereby Ross agreed to supply labor and materials to International Steel for the construction of an acid regeneration plant on real estate owned by defendant American Oxide Company. P.O. 130, and its accompanying attachments, provided that the agreement was "made under Pennsylvania law," and included arbitration and "waiver of lien" clauses. In addition to P.O. 130, Ross contends that it also entered into two subsequent verbal purchase order agreements with International Steel, P.O.s 167 and 200, and that these agreements were separate and independent from P.O. 130.

Ross submitted invoices to International Steel for work performed and materials supplied pursuant to all three purchase order agreements. After International Steel refused to pay the invoices, Ross filed a mechanic's lien on American Oxide's real estate in the amount of $1,400,000. Ross then initiated an action in state court against International Steel for breach of contract, and against American Oxide to foreclose on the mechanic's lien. The defendants removed the case to federal district court on the basis of diversity of citizenship, and filed a counterclaim against Ross for breach of contract. Shortly thereafter, the defendants filed a motion for summary judgment, arguing that the arbitration provision contained in P.O. 130 required Ross' breach of contract claim to be transferred to arbitration, and that Ross had waived the right to file a mechanic's lien because P.O. 130 contained a valid lien waiver provision. In responding to these arguments, Ross noted that P.O. 130 was not the only purchase order agreement at issue in the litigation. Ross asserted that it had performed work pursuant to three separate purchase order agreements, P.O.s 130, 167 and 200. Ross argued that P.O.s 167 and 200 are not subject to the choice of law, arbitration, and lien waiver provisions contained in P.O. 130, and that even if these provisions apply to P.O.s 167 and 200 they are void as a matter of law. The defendants countered

by asserting that Ross' complaint did not state claims for relief pursuant to P.O.s 167 and 200, and requested that the district court "hold this dispute is covered only by [P.O. 130] because Ross is bound by its Complaint which refers only to purchase order - 130." The defendants argued that Ross was precluded from asserting these claims because it had failed "to reference or even mention [P.O.s 167 and 200] in its prior pleadings [i.e., the complaint]." The district court granted the defendants' motion, transferring Ross' claim for breach of P.O. 130 to arbitration/1 and ordering Ross to release and discharge the mechanic's lien in its entirety. The district court did not, however, specifically address Ross' claims for breach of P.O.s 167 and 200, or whether the mechanic's lien was valid to the extent that it encompassed these purchase orders. Instead, the district court merely noted at the conclusion of its order that "[t]his Entry does not apply to other purchase orders that exist between the parties."

II.

We begin our analysis with some jurisdictional housekeeping. After a preliminary review of the short record in this case, we discovered two potential jurisdictional problems and ordered the parties to brief the issues. We noted that while the district court's judgment purported to be "final," the status of the defendants' counterclaim was unclear. We also questioned whether diversity of citizenship existed between the parties. After reviewing the parties' respective briefs, we concluded that the district court disposed of the defendants' counterclaim, and that diversity of citizenship existed between the parties in accordance with 28 U.S.C. sec. 1332.

At oral argument, however, another jurisdictional wrinkle appeared, once again bringing into question the finality of the district court's judgment. Specifically, we questioned the parties as to whether the district court's statement that "[t]his Entry does not apply to other purchase orders that exist between the parties" meant that Ross' P.O. 167 and 200 claims remained pending before the court, thus depriving this court of jurisdiction under 28 U.S.C.

sec. 1291. The parties contended that the only matter pending before the district court was the defendants' motion for attorneys' fees. The Supreme Court has held that a "[q]uestion remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order," Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988), and therefore "a claim for attorney's fees is not part of the merits of the action to which the fees pertain." Id. at 200. See also Barrow v. Falck, 977 F.2d 1100, 1102 (7th Cir. 1992). The claim for attorneys' fees notwithstanding, neither party was, quite understandably, sure how to characterize the district court's cryptic reference to "other purchase orders." Nevertheless, both parties maintained that the district court's judgment was final, and that we had jurisdiction to hear the appeal. Parties may not, however, confer jurisdiction on this court by merely agreeing that the district court's decision is final, and thus appealable under sec. 1291. See, e.g., ITOFCA, Inc. v. MegaTrans Logistics, Inc., 235 F.3d 360, 363 (7th Cir. 2000). "It is our own threshold and independent obligation to make that determination even [when] both parties agreeably [consider an] order to be final and appealable." Horwitz v. Alloy Auto. Co., 957 F.2d 1431, 1435 (7th Cir. 1992). Whether a decision is final for purposes of sec. 1291 "generally depends on whether the decision by the district court 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" MegaTrans, 235 F.3d at 363 (citation omitted). As explained below, we conclude that the district court made a final determination with respect to Ross' P.O. 167 and 200 claims. Because the district court's order ended the "merits" phase of the litigation, it is a final appealable judgment for purposes of sec. 1291. Id.

We now turn to Ross' argument that the district court improperly "dismissed" the claims it brought for breach of contract and to foreclose on the mechanic's lien pursuant to P.O.s 167 and 200. Ross contends that the district court's order violates Circuit Rule 50/2 because the court dismissed the P.O. 167 and 200 claims without explanation./3 Ross also

challenges the district court's decision ordering a complete release and discharge of the mechanic's lien. According to Ross, it was improper for the district court to order a release and discharge of the entire amount of the lien without first considering the lien's validity as to P.O.s 167 and 200. Furthermore, to the extent the mechanic's lien covers P.O. 130, Ross argues that the purchase order's arbitration clause precluded the district court from ordering the release and discharge of that portion of the lien as well.

As an initial matter, we note the absence of any specific discussion by the district court of P.O.s 167 and 200 in its order. While the district court's order discusses P.O. 130 in great detail, it was not until the end of the opinion that the court even acknowledged the existence of other purchase orders, noting "[t]his Entry does not apply to other purchase orders that exist between the parties." Viewed in isolation, it is unclear what the district court intended to convey through this statement. Hence, Ross' argument that we should remand the case back to the district court, pursuant to Circuit Rule 50, to enable the court to explain the meaning of the statement.

While we agree that the district court's order violates Circuit Rule 50, we do not believe that it is necessary to remand the case for clarification. We have consistently held "that lack of an explanation [by a district court] does not necessarily defeat appellate jurisdiction, at least where the reasons are apparent from the record." See, e.g., United States v. Ettrick Wood Products, Inc., 916 F.2d 1211, 1218 (7th Cir. 1990). After a careful examination of the record, we conclude that the district court accepted the defendants' argument that Ross failed to sufficiently plead claims for relief pursuant to P.O.s 167 and 200 in its complaint, and that P.O. 130 was the only purchase order at issue in the case./4 We find this to be the case for two reasons. First, only three purchase orders were mentioned by the parties during the course of the litigation, P.O.s 130, 167, and 200. As such, when the district court refers to "other purchase orders" it can only mean P.O.s 167 and 200. Second, we must presume the district court read the

briefs submitted during the summary judgment proceedings, where the parties spent a substantial amount of time arguing over the scope of the lawsuit (i.e., whether P.O.s 167 and 200 were at issue). Viewed in this context, the district court's statement that "[t]his Entry does not apply to other purchase orders that exist between the parties," can only be interpreted as evidencing the court's acceptance of the defendants' argument that Ross' complaint did not state claims for relief pursuant to P.O.s 167 and 200, and that Ross was precluded from clarifying the scope of its complaint during the course of the summary judgment proceedings.

In reviewing the district court's disposition of Ross' P.O. 167 and 200 claims, our degree of scrutiny is governed by Fed. R. Civ. P. 8, which provides that a pleading is sufficient if it contains: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks . . . ." Fed. R. Civ. P. 8(a). As this court has consistently noted, "the essential function of a complaint under the civil rules . . . is to put the defendant on notice of the plaintiff's claim." Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). In placing the defendant on notice, however, a plaintiff must comply with Rule 8(e)(1), which requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Nevertheless, "[n]o technical forms of pleading or motions are required." Id. Finally, we note that Rule 8(f) demands that "[a]ll pleadings shall be so construed [by a district court] as to do substantial justice." Fed. R. Civ. P. 8(f). With these principles in mind, we now turn to Ross' complaint to determine whether it stated claims for relief pursuant to P.O.s 167 and 200.

Ross' complaint contained the following averments: "[A] Purchase Order and subsequent verbal change orders were entered into between International Steel

and Ross for certain construction services performed on the Real Estate"; "Ross has provided labor and materials relative to the Real Estate under the terms of the Purchase Order and subsequent verbal change orders"; "Ross has demanded payment in amounts currently due and owing under the terms of the Purchase Order and subsequent verbal change orders but International Steel has failed and otherwise refused to make payment of same"; and "[t]hat judgment be entered against Defendant, International Steel, in the amount due and owing under the contract and subsequent verbal change orders . . . ." Additionally, each of the invoices attached to the complaint refer to a specific purchase order. Although most of the invoices were issued pursuant to P.O. 130, others specifically refer to P.O.s 167 and 200.

The mechanic's lien affidavit attached to the complaint is further evidence that Ross sought relief under three separate purchase orders. The affidavit asserts that the mechanic's lien was filed "pursuant to verbal contracts and contracts entered into after July 1, 1999." The parties' stipulation that P.O. 130 was executed on May 20, 1999, demonstrates that the defendants and the district court knew, or should have known, that this litigation involved multiple purchase order agreements.

While there is little question that Ross' complaint could have been drafted in a more precise manner, Rule 8 does not demand perfection--just notice. We believe that Ross' complaint adequately placed the defendants on notice that it was suing them pursuant to three separate purchase order agreements. Furthermore, if there was any doubt about the scope of the complaint, Ross made its intentions abundantly clear during the summary judgment proceedings when it noted that "[t]he work performed . . . consisted of three separate and independent purchase orders . . . Purchase Order 156070-130 . . . and . . . two additional unsigned purchase orders, 156070-167 and 156070-200." Ross then went on to argue that the arbitration, choice of law, and lien waiver provisions contained in P.O. 130 were not applicable to P.O.s 167 and 200.

We have held that "[c]omplaints in a system of notice pleading initiate the

litigation but recede into the background as the case progresses." Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992), and that subsequent pleadings can "refine the claims [and] briefs and memoranda [can] supply the legal arguments that bridge the gap between facts and judgments." Id. See also Luckett v. Rent-A-Center, Inc., 53 F.3d 871, 873 (7th Cir. 1995) ("District judges must heed the message of Rule 8: the pleading stage is not the occasion for technicalities."); Moore v. City of Harriman, 272 F.3d 769, 774 (6th Cir. 2001) (concluding that "[e]ven assuming the complaint itself failed to provide sufficient notice, Moore's response to the officers' motion to dismiss clarified any remaining ambiguity . . . ."). There fore, "[a]s long as Rule 8 stands unaltered . . . courts must follow the norm that a complaint is sufficient if any state of the world consistent with the complaint could support relief." South Austin Coalition Cmty. Council v. SBC Communications, Inc., 274 F.3d 1168, 1171 (7th Cir. 2001).

We, therefore, vacate the district court's order, and remand the case so that Ross' P.O. 167 and 200 claims for breach of contract and foreclosure of the mechanic's lien may be considered on the merits. On remand, the district court will need to consider the following: (1) whether P.O.s 167 and 200 are separate and independent agreements, or merely part of P.O. 130; (2) if P.O.s 167 and 200 are separate agreements, whether Ross contractually agreed that all future purchase orders would include the terms and conditions contained in P.O. 130 (i.e., the arbitration, choice-of-law, and lien waiver clauses),/5 and (3) if P.O.s 167 and 200 contain P.O. 130's provisions, whether any of them are void under Indiana law./6 We express no opinion on the resolution of these questions.

We also vacate the district court's order instructing Ross to release and discharge its mechanic's lien. We do so for two reasons. First, because the district court erroneously concluded that P.O.s 167 and 200 were not a part of the litigation, it failed to consider the validity of Ross' mechanic's lien in relation to these purchase orders. This decision amounted to a de facto dismissal

of Ross' claim to foreclose on the mechanic's lien as to P.O.s 167 and 200. Had the mechanic's lien been discharged, Ross would not be able to a file a separate mechanic's lien covering only P.O.s 167 and 200. See Ind. Code sec. 32-8-3-3(a) (mechanic's lien must be filed within 90 days after the claimant furnishes labor or materials). Second, to the extent the mechanic's lien covers P.O. 130, the district court erred in ordering the release and discharge of that portion of the lien after determining that the arbitration clause contained in P.O. 130 was valid. As both parties acknowledge, the arbitration clause must be interpreted pursuant to the purchase order agreement's choice of law provision. P.O. 130's choice of law provision requires that the agreement be construed according to Pennsylvania law. Because P.O. 130's arbitration clause does not provide for the application of the Pennsylvania Uniform Arbitration Act, the clause is governed by the state's common law. See, e.g., Borgia v. Prudential Ins. Co., 750 A.2d 843, 846 (Pa. 2000). Under Pennsylvania's common law arbitration, "when a party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the question of (1) whether an agreement to arbitrate was entered into and (2) whether the dispute involved comes within the ambit of the arbitration provision." Rocca v. Pa. Gen. Ins. Co., 516 A.2d 772, 773 (Pa. Super. Ct. 1986); see also Flightways Corp. v. Keystone Helicopter Corp., 331 A.2d 184, 185 (Pa. 1975). In this case, neither party disputes the validity of the arbitration clause as it relates to P.O. 130. The only question then is whether Ross' claim to foreclose on its mechanic's lien, pursuant to P.O. 130, is covered by the arbitration clause.

We begin our analysis of this issue by noting that Pennsylvania, as a matter of public policy, favors the disposition or settlement of disputes by way of arbitration. See, e.g., Flightways Corp., 331 A.2d at 185. ("By now it has become well established that '[s]ettlement of disputes by arbitration are no longer deemed contrary to public policy. In fact, our statutes encourage arbitration and with our dockets crowded and in some jurisdictions congested arbitration is favored by the courts.'") (citation

omitted). In determining whether Ross' claim to foreclose on its mechanic's lien, pursuant to P.O. 130, is subject to the arbitration, we are governed by two basic propositions: "(1) arbitration agreements are to be strictly construed and not extended by implication; and (2) when parties have agreed to arbitrate in a clear and unmistakable manner, every reasonable effort should be made to favor the agreement unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that covers the asserted dispute." Highmark, Inc. v. Hosp. Serv. Ass'n of N.E. Pa., 785 A.2d 93, 98 (Pa. Super. Ct. 2001) (citation omitted); see also Emmaus v. Mun. Auth. v. Eltz, 204 A.2d 926, 927 (Pa. 1964).

The defendants argue that the district court was justified in addressing the merits of Ross' P.O. 130 mechanic's lien claim after it determined that P.O. 130 contained a valid arbitration clause. They contend that under Pennsylvania law if an issue that is allegedly subject to arbitration is severable, "the court is free to proceed with [resolving] those remaining issues despite transferring some of the issues to arbitration."/7 But this begs the question: Is Ross' claim to foreclose on the mechanic's lien, pursuant to P.O. 130, a claim that is "severable" under Pennsylvania law? The general rule is that "[o]nce it has been determined that a substantive dispute is arbitrable, the arbitrators normally have the authority to decide all matters necessary to dispose of the claim." Borgia, 750 A.2d at 846 (Pa. 2000). In arguing for an exception to this general rule, it was incumbent upon the defendants to provide legal authority to substantiate their claim that the mechanic's lien claim was severable under Pennsylvania law. As we have noted on several occasions, arguments raised in a conclusory or underdeveloped manner on appeal are waived. See, e.g., Pond v. Michelin N. Am., Inc., 183 F.3d 592, 597 (7th Cir. 1999).

The defendants also argue that because American Oxide was not a party to P.O. 130, it should not be forced to arbitrate Ross' claim to foreclose on that portion of the mechanic's lien. We disagree. It is undisputed that American Oxide is a third party beneficiary to P.O. 130. The

defendants acknowledge this on appeal, noting that "[t]he waiver of lien provision was intended to, and does, benefit AMROX [American Oxide] as it is the owner of the real estate against which a mechanic's lien was filed." Under Pennsylvania law, "a third party beneficiary's rights and limitations in a contract are the same as those of the original contracting parties." Miller v. Allstate Ins. Co., 763 A.2d 401, 405 n.1 (Pa. Super. Ct. 2000). Thus, while a third-party beneficiary may enforce an arbitration agreement, see, e.g., Highmark, 785 A.2d 93 at 99, the converse is true as well. Id. See also Johnson v. Pa. Nat'l Ins. Companies, 594 A.2d 296, 298–99 (Pa. 1991).

Furthermore, the language used by International Steel in drafting P.O. 130's arbitration clause is sweeping: "[a]ny claim or controversy arising out of or relating to this Purchase Order or breach thereof shall be settled in accordance with the rules of the American Arbitration Association." Neither party disputes that Ross' mechanic's lien covers P.O. 130. As such, there is no question that Ross' claim to foreclose on the mechanic's lien, to the extent the lien encompasses P.O. 130, arose out of and relates to P.O. 130. Pennsylvania courts have held, in interpreting a virtually identical arbitration,/8 that when a party to a contract, in this case International Steel, uses "the broadest conceivable language" in drafting an arbitration clause, "it must be concluded that the parties intended the scope of the submission to be unlimited." Ambridge, 328 A.2d at 501. Therefore, when "there is an unlimited arbitration clause, any dispute which may arise between the parties concerning the principal contract is to be settled pursuant to its terms." Id. For these reasons, we vacate the district court's decision ordering the release and discharge of Ross' mechanic's lien.

III.

In conclusion, we reverse and vacate the district court's determination that P.O.s 167 and 200 were not at issue in this litigation. We also reverse and vacate the district court's order directing Ross to release and discharge the mechanic's lien. On remand, the district court is

directed to consider the validity of Ross' claims for breach of contract and to foreclose on the mechanic's lien pursuant to P.O.s 167 and 200. In addressing the merits of these claims, the district court will need to determine whether P.O.s 167 and 200 are separate and independent agreements apart from P.O. 130. If the district court concludes that P.O.s 167 and 200 are part of the P.O. 130 agreement, then all of Ross' claims (i.e., breach of contract and foreclosure of mechanic's lien) must be transferred to arbitration. On the other hand, if the district court determines that P.O.s 167 and 200 are separate agreements, it must then determine whether, as the defendants contend, Ross contractually agreed to incorporate the terms and conditions contained in P.O. 130 (i.e., the arbitration, choice-of-law, and lien waiver clauses) into all future purchase order agreements. If the district court concludes that P.O.s 167 and 200 contain P.O. 130's terms and conditions, the court must then evaluate whether any of these contractual provisions are void under Indiana law. See ante at 11 n.6. The district court must answer these questions before it can determine whether it or the arbitrator is vested with the authority to address the merits of these claims./9 The district court's disposition of Ross' P.O. 167 and 200 claims, however, has no bearing on Ross' claim to foreclose on the mechanic's lien pursuant to P.O. 130, which, as previously noted, must be transferred to arbitration along with Ross' breach of P.O. 130 claim. The case is remanded, and the district court is instructed to proceed in the manner outlined in this opinion.

FOOTNOTES

/1 Ross does not appeal the district court's decision to transfer its breach of P.O. 130 claim to arbitration.

/2 Circuit Rule 50 provides that "[w]henever a district court resolves any claim or counterclaim on the merits, terminates the litigation in its court (as by remanding or transferring the case, or denying leave to proceed in forma pauperis with or without prejudice), or enters an interlocutory order that may be appealed to the court of appeals, the judge shall give his or her reasons, either orally on the record or by written statement."

/3 Alternatively, Ross argues that summary judgment of its P.O. 167 and 200 claims was inappropriate because genuine issues of material fact remain as to whether these purchase orders comprised contracts separate and distinct from P.O. 130, and whether the mechanic's lien, to the extent the lien covered amounts due under P.O.s 167 and 200, is valid.

/4 The defendants do not challenge the existence or validity of P.O.s 167 and 200, nor do they contend that P.O.s 167 and 200 are part of P.O. 130. Instead, the defendants argue only that Ross' complaint fails to state claims for relief based on these purchase orders.

/5 The defendants argue on appeal that Ross agreed that all future purchase orders would contain P.O. 130's terms and conditions.

/6 Ross argues that even if the arbitration, choice-of-law, and lien waiver provisions of P.O. 130 apply to P.O.s 167 and 200, they are void as a matter of law with respect to its mechanic's lien claim. Ross contends that P.O.s 167 and 200 were entered into after July 1, 1999. This is significant because Ind. Code sec. 32-8-3-16(b)provides that after July 1, 1999, "[a] provision in a contract for the improvement of real estate in Indiana is void if the provision requires a person . . . who furnishes labor, materials, or machinery to waive a right to a lien against real estate or to a claim against a payment bond before the person is paid for the labor or materials furnished." Furthermore, Ind. Code sec. 32-8-3-16(c) provides that "[a] provision in a contract for the improvement of real estate in Indiana under which one (1) or more persons agree not to file a notice of intention to hold a lien is void." Finally, Ind. Code sec. 32-8-3-17 provides that "[a] provision in a contract for the improvement of real estate in Indiana is void if the provision makes the contract subject to the laws of another state or that requires that any litigation, arbitration, or other dispute resolution process on the contract occur in another state."

/7 Pa. Cons. Stat. Ann. sec. 7304(d) provides that "[a]n action or proceeding, allegedly involving an issue subject to arbitration, shall be stayed if a court order to proceed with arbitration has been made or an application for such an order has been made under this section. If the issue allegedly subject to arbitration is severable, the stay of the court action or proceeding may be made with respect to the severable issue only. If the application for an order to proceed with arbitration is made in such action or proceeding

and is granted, the court order to proceed with arbitration shall include a stay of the action or proceeding."

/8 The arbitration clause at issue in Borough of Ambridge Water Auth. v. Columbia, 328 A.2d 498 (Pa. 1974), provided that "any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . . ." Id. at 499.

/9 As previously noted, we express no opinion on the resolution of these questions.