In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3942

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MOHAMMED ALI NONAHAL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 96 CR 196—**J.P. Stadtmueller**, *Judge.*

SUBMITTED APRIL 29, 2003[*]—DECIDED JULY 28, 2003

Before COFFEY, RIPPLE and DIANE P. WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Burdened by student-loan debt, Mohammed Ali Nonahal and several friends attempted to counterfeit United States currency, first on a home printing press and later at their local Kinko's. All six would-be counterfeiters ultimately pleaded guilty to conspiracy, *see* 18

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 371, 471. Mr. Nonahal served 31 months in prison and is currently serving a three-year term of supervised release. He would like now to move to Pakistan to attend dentistry school, but the terms of his supervised release prohibit that move. He therefore petitioned the district court to modify the conditions in order to facilitate his relocation from California to Pakistan. The court denied his motion without explanation. Mr. Nonahal now appeals. For the following reasons, we affirm the judgment of the district court.

# I

## BACKGROUND

Although Mr. Nonahal is currently living in the Central District of California and reporting to a probation officer there, the sentencing court in the Eastern District of Wisconsin has retained jurisdiction over him. His term of supervised release is scheduled to end in October 2003. One condition of that release is that Mr. Nonahal cannot leave the Central District of California without permission from the California probation officer or the court in Wisconsin. Another condition is that he report to his probation officer in person each month. In July 2002, with the assistance of counsel, Mr. Nonahal filed a motion requesting that the sentencing court rescind those conditions. Before the counterfeiting scheme, Mr. Nonahal had been studying dentistry at Marquette University but was dismissed for academic reasons. Because the dismissal prevented him from gaining entry to another dental school in the United States, he sought admission to an overseas program. In his petition, Mr. Nonahal alleged that he has been admitted to a dental school in Karachi, Pakistan, where he hoped to start classes in September 2002. Mr. Nonahal suggested that,

instead of reporting to his probation officer in person each month, he could send a report by mail.

The Government opposed Mr. Nonahal's motion, arguing that the proposed modifications would terminate effectively his supervised release by placing him beyond the reach of meaningful supervision. The Government suggested that Mr. Nonahal could resume his studies after his supervised release expired. Mr. Nonahal replied that he could not wait; he hoped to eventually practice dentistry in California and, in order to do so, had to complete his last year of studies and sit for the January 2004 California dental licensing exam.

The district court denied his motion without explanation on August 23, 2002. Mr. Nonahal did not appeal that decision. Instead, now proceeding *pro se*, he moved for reconsideration in the district court, essentially reasserting his original argument that he had to travel to Pakistan immediately to begin school. The court denied this motion as well, again without explanation. Mr. Nonahal then filed this appeal; his notice of appeal was filed outside the ten-day window as the counting rules then worked, *see* Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26(a)(2) (amended in December 2002 to exclude weekends and holidays when counting the ten days); *United States v. Lilly*, 206 F.3d 756, 762-63 (7th Cir. 2000) (appeal from ruling on petition for clarification of conditions of supervised release is criminal in nature), but the district court allowed the late filing, *see* Fed. R. App. P. 4(b)(4).

## II

### DISCUSSION

As an initial matter, the Government suggests in its brief that this case is moot because Mr. Nonahal asserted that he

must complete his final year of dental school by January 1, 2004, and there is no longer sufficient time for him to do so. However, Mr. Nonahal was asking for a modification of the conditions of his supervised release, not for permission to attend dental school. Because the travel restriction and the requirement that Mr. Nonahal personally meet with his probation officer currently remain in force, his request to modify those conditions is not moot. It is true that Mr. Nonahal's *reason* for seeking the modification may no longer be pressing, but the conditions are still impeding his travel. *Cf. Church of Scientology v. United States,* 506 U.S. 9, 13 (1992) (even if it is too late to provide a fully satisfactory remedy, case is not moot when partial remedy is available).

Another threshold matter is Mr. Nonahal's contention that the district judge who rejected his petition had a conflict of interest because the judge had graduated from Marquette University Law School and Mr. Nonahal had been dismissed from Marquette's dental program. Such general assertions of partiality are governed by 28 U.S.C. § 455(a), which requires that a party move for recusal first in the district court and then seek immediate review if the motion is denied. *See United States v. Mansoori,* 304 F.3d 635, 667 (7th Cir. 2002), *cert. denied,* 123 S. Ct. 1761 (2003); *United States v. Smith,* 210 F.3d 760, 764 (7th Cir. 2000). Mr. Nonahal did not follow that procedure; his challenge therefore is waived. *See Smith,* 210 F.3d at 764. In any event, the argument that the district judge's status as a Marquette University Law School alumnus would have prejudiced his view of Mr. Nonahal's motion is frivolous.

Turning to the merits, Mr. Nonahal emphasizes the urgency of his desire to complete his education in Pakistan. But he makes no real effort to explain how the district court abused its discretion in refusing to modify his supervised release conditions, *see United States v. Sines,* 303 F.3d 793, 800 (7th Cir. 2002) (applying abuse of discretion standard on

direct review of supervised release conditions), and instead rests on poorly developed assertions, without citations to authority, that the court erred. We have dismissed *pro se* litigants' appeals for similar noncompliance with Federal Rule of Appellate Procedure 28(a)(9). *See, e.g., Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001). Nevertheless, we have considered the issues that we can discern from Mr. Nonahal's brief and have found no indication that the court abused its discretion in denying Mr. Nonahal's motion.[1]

First, Mr. Nonahal asserts that the court failed to recognize the importance of education to his rehabilitation when it refused to modify his conditions. A sentencing court retains jurisdiction to modify or revoke supervised release after considering enumerated factors. *See* 18 U.S.C. §§ 3583(e), 3553; *see also United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001). The list of enumerated factors includes "the need for the sentence imposed . . . to provide the defendant with needed education or vocational training." 18 U.S.C. § 3553(a)(2)(d). The district court did not abuse its discretion in prioritizing the need to continue close supervision of Mr. Nonahal over the benefits he might receive from continuing his education.

Mr. Nonahal also suggests that the court denied his petition with no testimony or trial. Federal Rule of Criminal Procedure 32.1(c) requires the court to hold a hearing, with

---

[1] Mr. Nonahal includes several additional assertions of error in his reply brief. Most of them relate to his underlying conviction and sentence, which are no longer subject to review. *See United States v. Thomas*, 934 F.2d 840, 846 (7th Cir. 1991) (probation revocation hearing inappropriate forum to challenge underlying conviction). The new arguments that do relate to the motion to modify are waived because they are raised for the first time in a reply brief. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 631 (7th Cir. 2002).

exceptions, "[b]efore *modifying* the conditions of probation or supervised release." Fed. R. Crim. P. 32.1(c) (emphasis added). But the rule does not compel the court to hold a hearing before *refusing* a request for modification. Mr. Nonahal has not provided any support for his position that a court must hold a hearing before denying a request for modification.

Finally, Mr. Nonahal submits that the district court should have held a hearing before denying his petition "with no comments . . . or ground for denial." Appellant's Br. at 9 n.1. We do expect district courts to provide some explanation for their decisions. *See* 7th Cir. R. 50. In addition to other benefits, a statement of reasons from the district court facilitates meaningful review. *W. States Ins. Co. v. Wis. Wholesale Tire, Inc.*, 148 F.3d 756, 758 (7th Cir. 1998); *Sims v. Lucas*, 9 F.3d 1293, 1294 (7th Cir. 1993). Although a remand is sometimes warranted when a district court fails to provide such an explanation, in this case a remand is unnecessary because the district court's reasons for denying the modification are apparent. *Ross Bros. Constr. Co. v. Int'l Steel*, 283 F.3d 867, 872 (7th Cir. 2002). As the Government observes, to allow Mr. Nonahal to relocate to Pakistan, far outside of the oversight of his probation officer, is antithetical to the concept of supervised release and would effectively constitute a premature end of the supervision term.

## Conclusion

For the reasons set forth in this opinion, the judgment of the district court is affirmed.

AFFIRMED

A true Copy:

  Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
