**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Corey SYKES, Defendant–Appellant.**

**No. 03–1931.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 22, 2004.

Decided Jan. 22, 2004.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Corey Sykes, pro se, Leavenworth, KS, for Defendant–Appellant.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

### ORDER

Corey Sykes pleaded guilty to conspiracy to distribute heroin, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 300 months' imprisonment. At sentencing the court heard and granted the government's motion for a downward departure based upon Sykes's substantial assistance. *See* U.S.S.G. § 5K1.1. Ten months later the government filed a motion under Federal Rule of Criminal Procedure 35(b) requesting the court to grant an additional departure based on Sykes's substantial assistance in matters that followed sentencing. Again the district court granted the requested departure and resentenced Sykes to 250 months' imprisonment.

Even though Sykes received a departure, he filed a notice of appeal. His appointed counsel now seeks to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), being unable to identify a nonfrivolous basis for appeal. As an initial matter, we note that Sykes does not have a constitutional right to counsel in this Rule 35 matter, *see United States v. Kimberlin,* 898 F.2d 1262, 1265 (7th Cir.1990); *United States v. Palomo,* 80 F.3d 138, 142 (5th Cir.1996), and so a motion to withdraw comporting with the requirements of *Anders* is unnecessary, *see Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Nevertheless, we invited Sykes to respond to counsel's motion and identify any issues he wishes us to consider, *see* Cir. R. 51, and he has done so.

■ Counsel contemplates just one conceivable appellate argument: that the district court, in granting the Rule 35(b) motion, should have shaved even more time from Sykes's sentence on the ground that his assistance put him at risk of death in prison and damaged his relationships with members of his family, including his mother, ex-girlfriend, and children. But this contention is necessarily frivolous because we have no jurisdiction to review the degree of departure awarded under Rule 35(b). *United States v. McDowell,* 117 F.3d 974, 976–78 (7th Cir.1997).

■ In Sykes's Rule 51(b) response, in addition to echoing counsel's proposed argument, he suggests that trial counsel was ineffective at his initial sentencing because he failed to present motions challenging the presentence report. Sykes's proposed argument would be frivolous because the scope of this appeal is limited to the district court's ruling on the government's Rule 35 motion, and that motion was itself limited in scope to the question of Sykes's

entitlement to a further sentence reduction because of post-sentencing assistance to the government. *See* Fed.R.Crim.P. 35(b); *cf. United States v. Nonahal,* 338 F.3d 668, 671 & n. 1 (7th Cir.2003) (explaining that errors committed at initial sentencing cannot be raised on appeal from denial of motion to modify conditions of supervised release).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.