**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony T. BURRIS, Defendant–Appellant.**

No. 03–3319.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 9, 2004.

Decided Feb. 9, 2004.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judge.

## ORDER

In 1993 Anthony Burris pleaded guilty to kidnapping, 18 U.S.C. § 1201(a)(1), and was sentenced to 135 months' imprisonment and five years' supervised release after he abducted a woman, forced her into her car, drove her to Missouri, and raped her at gunpoint. After his release from prison, and with the consent of the government and Burris, the district court modified Burris' supervised released conditions to require that he participate in a drug program and be evaluated to assess whether he is a sexual predator. But Burris was uncooperative during the evaluation, which led the court—after a contested hearing— to further modify his release conditions to require participation in a "sex offender psychological evaluation and treatment program." Burris filed a notice of appeal from that order, but his appointed counsel seeks to withdraw, being unable to identify a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Burris was given an opportunity to respond under Circuit Rule 51(b), but he never did. Because counsel's brief is facially adequate, we limit our review to the potential issues identified by counsel. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel discerns two possible arguments. First, counsel questions whether Burns might argue that the district court abused its discretion in ordering him to participate in sex offender treatment since he is not known to have committed any sexual offenses other than the rape encompassed by his kidnapping conviction. We would review this modification only for an abuse of discretion, *United States v. Nonahal,* 338 F.3d 668, 670 (7th Cir.2003), which we would not find so long as the further condition of supervised release is reasonably related to the "nature and circumstances of the offense and the history and characteristics of the defendant," is reasonably related to—and involves no greater deprivation of liberty than necessary— deterring criminal conduct, protecting the public from further crimes, and providing the defendant with educational or vocational training, medical care, or other correctional treatment, and is consistent with pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). 18 U.S.C. § 3583(d), *see United States v. Sines,* 303 F.3d 793, 800– 01 (7th Cir.2002). And here we would agree with counsel that the district court considered these factors when it imposed the modification requiring him to participate in treatment for sex offenders.

█ The district court, in approving the proposed modification, took into account the brutality of the underlying offense conduct, the testimony of a counselor who

specializes in treating sex offenders, and Burris' admitted history of violence. The court noted that Burris continued to deny that he had raped the victim he kidnapped at gunpoint; the victim, according to Burris, had "agreed" to have sex in exchange for being released unharmed. In addition, the counselor—who attempted to evaluate Burris and directs the treatment program he now must participate in—testified that Burris' offense "represents a highly dangerous end of the continuum," and that she had considered the details of Burris' rape, his continued reluctance to accept responsibility for it, and his lack of cooperation during the evaluation. And the district court noted Burris' apparent pride about his violent tendencies: "Bar fights, domestic violence and street fights, no matter what the description, the Defendant boastfully announced he won every fight he had ever been in." Accordingly, counsel is correct that an appellate challenge to the modifications would be frivolous.

■ Next, counsel contemplates whether Burris could assert that the district court improperly delegated its judicial authority when it directed the probation officer to approve the sex offender program and supervise Burris' participation. In its written order, the district court stated:

> The Defendant, as a condition of his supervised release, will be required to participate in sex offender psychological evaluation and treatment program. In so participating, he shall be under the supervision and at the direction of the Probation Officer who shall approve the program and serve as the Court's liason with that program. Defendant will execute releases that allow the Probation Department and its Officers, as well as the Court, access to relevant information in the offices of his counselors, including such information as will be necessary to determine the Defendant's compliance with the Court's order, as well as the

names and whereabouts of any persons who might be in danger of harm. Said sex offender treatment shall be directed by the psychologists and may include group and individual counseling, supportive drug treatment (which may include complete abstinence from the use of alcohol), and polygraph examinations every three months.

Counsel is correct that challenging this directive would be frivolous because we have held that "a district court may delegate to the probation officer details regarding the selection and schedule of a sex offender treatment program even though it must itself impose the actual condition requiring participation in a sex offender treatment program." *Sines*, 303 F.3d at 799. Here, the court itself ordered Burris to participate in the treatment program; the probation officer will merely handle the details and supervision, and that is permissible.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.