**Roy S. PARROTT, Plaintiff–Appellant,**

v.

**Douglas GEHRKE, et al., Defendants–Appellees.**

No. 03–4059.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.\*

Decided June 24, 2004.

Rehearing and Rehearing En Banc Denied Aug. 9, 2004.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Roy S. Parrott, Big Stone Gap, VA, pro se.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Defendants–Appellees.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

Federal inmate Roy Parrott filed this lawsuit alleging that the United States and several employees of the Bureau of Prisons' (BOP) penitentiary in Terre Haute, Indiana, violated his constitutional rights by (1) failing to protect him from being attacked by a fellow inmate and (2) failing to send his belongings to him after he was transferred to state prison. The district court screened the complaint under 28 U.S.C. § 1915A, dismissed several defendants including the United States, and then granted summary judgment in favor of the remaining defendants. We affirm in part and reverse in part.

Parrott's claims arise out of two separate incidents. First, on July 11, 2001, he was attacked by another inmate, Kenneth Gregory, and received cuts on his face, head, and chest. The enmity between Parrott and Gregory began a year earlier when Parrott attacked Gregory and he was then placed in the Special Housing Unit. Parrot was not released back into the general population until six days before being attacked by Gregory.

Secondly, Parrott alleged that the defendants mishandled his personal property on July 27, 2001, when they boxed up his belongings in preparation for his transfer several days later to a Virginia state prison. Parrott expected his belongings to be sent to Virginia, but in fact the boxes were sent to his sister in the Virgin Islands.

In his complaint, Parrott alleged, first, that the defendants should have known that returning him to the general population would expose him to harm from Gregory, and, second, that he never authorized the defendants to send his belongings to his sister. Parrott stated that the complaint was brought under *"Bivens"* and that the court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 C.F.R. § 14.9, the regulation that allows a plaintiff to bring a claim under the Federal Tort Claims Act in federal district court after exhausting administrative remedies.

The district court screened the complaint under 28 U.S.C. § 1915A(b) and construed Parrott's complaint as raising only a *Bivens* claim. The court noted that federal inmates can obtain relief from misconduct by federal agents "either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or by a suit against the United States under the Federal Tort Claims Act," and concluded that Parrott "has opted for the *Bivens* route." Proceeding from that assumption, the court, without elaboration, dismissed the United States as a defendant. The court also dismissed nine of the individual defendants because Parrott had failed to allege that they participated in the alleged wrongdoing.

The remaining defendants then filed a summary judgment motion asserting that Parrot had not filed a formal grievance within twenty days of either incident, and so had failed to exhaust his administrative remedies. 28 C.F.R. § 542.14(a). The district court granted summary judgment for the defendants. The court agreed that Parrott failed to exhaust his failure-to-protect claim. The court went on to excuse Parrott from exhausting his remedies on his mishandling-of-property claim because the BOP administrative grievance process was not available to him once he was transferred to the state prison. However, the court concluded that Parrott failed to provide evidence that any BOP employee mishandled his property.

■ On appeal Parrott first challenges the district court's finding that he failed to exhaust his administrative remedies on his failure-to-protect claim. Parrott contends that he was not required to exhaust because there were no remedies available to him once he was transferred from USP Terre Haute to the Virginia state prison. Parrott relies upon BOP regulations that state that the BOP's administrative remedy process "does not apply to inmates confined in other non-federal facilities." 28 C.F.R. § 542.10(b).

Parrott's argument is flawed because he has taken his quotation from the regulations out of context. The sentence immediately preceding the one on which Parrott relies makes clear that the administrative remedy program "applies to all inmates in institutions operated by the Bureau of Prisons ... and to former inmates for issues that arose during their confinement." *Id.* Parrott is a former BOP inmate who is challenging an incident that occurred during his confinement at USP Terre Haute, so he was in fact required to pursue the BOP's administrative remedies to press his failure-to-protect claim.

With regard to Parrott's mishandling-of-property claim, the defendants challenge the district court's finding that they failed to rebut Parrott's claim that he had no administrative remedies available to pursue this claim once he was transferred to state prison. We agree with the defendants. As discussed above, the BOP regulations provide an administrative remedy program for former BOP inmates, so Parrott could have submitted a grievance challenging the mishandling of his property by BOP employees.[1] Therefore, we affirm the district court's grant of summary judgment on Parrott's *Bivens* claims.

Next, Parrott challenges the district court's dismissal of the United States as a defendant. The district court first construed Parrott's complaint as raising only a *Bivens* claim and then dismissed the United States as a defendant because the government is not a proper defendant to a *Bivens* claim. Parrott argues that he properly raised claims under both *Bivens* and the Federal Tort Claims Act, but the district court incorrectly believed that he could not simultaneously bring claims under both causes of action.[2] We review

1. Parrott makes two additional arguments as to why he had no available administrative remedies, but he did not make these arguments to the district court, so they are forfeited. *See Perry v. Sullivan,* 207 F.3d 379, 383 (7th Cir.2000).

2. Parrott also argues that the district court's order violates Circuit Rule 50 because the court failed to articulate its reasons for dis-

missing the government as a defendant. Although the district court, in a single unsupported sentence, dismissed the government as a party, we can discern its rationale so remand on this issue is unnecessary. *See Ross Bros. Constr. Co. v. Int'l Steel Servs., Inc.,* 283 F.3d 867, 872 (7th Cir.2002) (holding that appellate court will not remand a case to the district court for a violation of Rule 50 if the

dismissals under § 1915A *de novo,* viewing all allegations in the complaint as true and in the light most favorable to the plaintiff. *See Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000).

■ Lawsuits complaining about unconstitutional actions by federal employees are governed by *Bivens* if the suit is against the employees, and by the Federal Tort Claims Act if the suit is against the United States. *See Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir.2003). Although an inmate may not recover monetary damages from both the United States and one of its employees, *see* 28 U.S.C. § 2679(b)(1), a plaintiff may file suit under both legal theories, *see Saffell v. Crews,* 183 F.3d 655, 656 (7th Cir.1999).

The court dismissed the United States as a party, apparently because of its belief that Parrott sought recovery only through a *Bivens* action and not the Federal Tort Claims Act. Under notice pleading, however, Parrott did not have to plead legal theories in his complaint. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002). In his complaint, Parrott alleged that he exhausted the administrative remedies necessary to file a claim under the Federal Tort Claims Act and he cited the federal regulation that allows a plaintiff to file a claim in federal court under the Act. This information was sufficient to put the court on notice as to the nature of Parrott's claims, and if the court wanted clarification of Parrot's claims, it could have called for a more definite statement. Fed.R.Civ.P. 12(e); *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir.2003). "Complaints just launch the case," *Hoskins,* 320 F.3d at 764, and Parrott's complaint contained a sufficient factual basis to state a claim that BOP employees negligently failed to protect him from harm, *see Palay v. United States,* 349 F.3d 418, 425 (7th Cir.2003), and mishandled his property, *see Ortloff v. United States,* 335 F.3d 652, 657 (7th Cir. 2003). Parrott may ultimately be unable to prove that the defendants were negligent, but he is entitled to try. Thus, the district court improperly dismissed the United States as a defendant.

Accordingly, we AFFIRM the judgment of the district court as to Parrott's *Bivens* claims, but REVERSE the district court's dismissal of the United States of America as a party and REMAND this case to the district court for further proceedings consistent with this order.

district court's rationale is "apparent from the record").