# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2007

Charles R. Fulbruge III
Clerk

No. 05-20920
Summary Calendar

ALFRED LEE BRANUM

Plaintiff-Appellant

v.

ALAN CHAMBLESS; STEVE KARAKOS; RUTH HEARNE; KELLI WARD;
WILLIAM FUQUA; ET AL

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-4559

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alfred Lee Branum, Texas prisoner # 286354, brought the present civil action pursuant to 42 U.S.C. § 1983. He appeals the district court's grant of summary judgment to all defendants. We affirm.

Branum contends that the district court erred in granting summary judgment to the defendants on his claims that particular defendants were deliberately indifferent to the substantial risk of serious harm posed to him by the bench in the shower for the handicapped in Dorm 14 at the Jester III unit

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). We review the grant of a motion for summary judgment de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996).

Branum asserts that the defendants should have known of the safety risk posed by the design of the shower bench and were possibly negligent, but he failed to produce any evidence that the defendants had actual knowledge of any risk of serious harm. As to prevail, Branum must prove that the defendants had such knowledge, the district court did not err by granting the motion for summary judgment on these claims. See Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003).

Branum contends that the district court erred in granting summary judgment to the defendants on his claims based on deliberate indifference to serious medical needs relative to the use of latex catheters. He maintains that the defendants' expert's affidavit should not have been considered by the district court, because the expert was not a urology specialist. He also seeks a preliminary injunction from this court to require the defendants to provide him with non-latex catheters in the future.

The district court properly considered the affidavit of the Defendant's expert, as an expert medical witness need not be a specialist for his opinions to be considered. See Peteet v. Dow Chemical Co., 868 F.2d 1428, 1431-32 (5th Cir. 1989). The evidence produced by Branum shows only that medical professionals have differing opinions on the appropriate course of treatment for him. Absence of unanimity is not sufficient to show deliberate indifference to serious medical needs. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999).

The district court did not err in granting the motion for summary judgment on Branum's claims relating to the latex catheters. As Branum cannot show a likelihood of success on the merits of this issue, he is not entitled to a preliminary injunction. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 419 n.15 (5th Cir. 2001).

Branum maintains that the district court erred by granting summary judgment to the defendants on the remainder of his claims based for deliberate indifference to his serious medical needs. He specifically contends that the defendants demonstrated deliberate indifference by placing him in a segregated cell that was not wheelchair-accessible.

The evidence produced by Branum showed, at most, that he did not receive treatment as frequently as he wanted and that some of his treatment may have been negligently given. This is not sufficient to create a genuine issue of material fact for trial on deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). It was at the initial screening stage of the case that the district court dismissed as frivolous Branum's claim regarding his segregation cell, not at the summary judgment stage. As Branum had not alleged any specific reasons why the segregation cell caused a substantial risk to his safety or health, the district court did not abuse its discretion in dismissing this claim as legally frivolous. See Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989) (holding conclusional allegations insufficient to state a claim under § 1983).

Branum insists that the defendants were not entitled to qualified immunity or Eleventh Amendment immunity. As the district court did not base its ruling on either of those grounds, these arguments are moot.

Branum asserts that the district court abused its discretion when it denied his requests for full discovery disclosures from the defendants. He maintains that the district court violated his due process rights by granting summary judgment without first requiring full disclosures, implicitly challenging the district court's denial of his FED. R. CIV. P. 56(f) motion.

The discovery materials that Branum sought were (1) a TDCJ-CID policy regarding safety and the duties of some of the defendants, and (2) his medical records from January 2003 forward. None of the evidence for which Branum

sought discovery would have created a genuine issue of material fact for trial. Accordingly, Branum has not shown that the district court abused its discretion by denying his discovery requests or his FED. R. CIV. P. 56(f) motion. See Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). Branum's further argument that the district court abused its discretion in denying most of his motions and granting all motions of the defendants does not identify a specific error of the district court and is without merit. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Branum asserts that the district court erred by dismissing some of his claims for failure to exhaust administrative remedies. For the first time on appeal, he insists that some of the defendants were medical professionals employed by the University of Texas Medical Branch (UTMB), not the TDCJ-CID, and that he had no administrative remedies that he could exhaust against them. He additionally advances that he did exhaust his administrative remedies regarding all of his claims.

As Branum did not contend that he had no administrative remedies to exhaust against some of the defendants below, we review this issue for plain error only. See Tilmon v. Prator, 368 F.3d 521, 524 (5th Cir. 2004). This issue involves factual questions that could have been resolved if Branum had raised the issue in the district court as, for example, which entity employed which of the defendants and whether Branum had administrative remedies that he might exhaust against UTMB employees. Thus, any error committed by the district court on this issue cannot have been plain. See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Branum did exhaust his administrative remedies regarding one claim dismissed by the district court, i.e., his claim that S. Levy, a nurse at the Pack I unit of the TDCJ-CID, refused to provide him with an egg crate mattress for his back. Branum raised the same claim against Dr. Luke Scamardo, and the

district court granted summary judgment on that claim. As there was no meaningful difference between Branum's claims against Levy and Dr. Scamardo on this point, the dismissal of the claim against Levy was harmless. Branum conceded in the district court that he did not exhaust his administrative remedies regarding most of the remaining claims dismissed by the district court, and the record confirms that he did not exhaust his administrative remedies regarding any of the remaining claims dismissed by the district court. Accordingly, Branum has not shown that the district court reversibly erred by dismissing claims for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

Branum asserts that the magistrate judge and district court violated his due process rights when they denied two of his motions for leave to amend his complaint. We review the denial of leave to amend for abuse of discretion. Ellis v. Liberty Life Assurance Co., 394 F.3d 262, 268 (5th Cir. 2004).

The first motion to amend, which was denied by the magistrate judge, was denied early in the proceedings, and Branum was allowed to assert the claims raised in that proposed amendment in later amendments to his complaint. Therefore, any error in the initial denial was harmless. In the second motion for leave to amend that was denied, Branum sought to revive claims dismissed by the district court on initial review. Branum filed this motion after the defendants had filed their motion for summary judgment, approximately eight months after the dismissal of the claims he sought to revive. Under these circumstances, the district court did not abuse its discretion in denying Branum leave to amend. See Overseas Inn S.A. P.A. v. United States, 911 F.2d 1146, 1150-51 (5th Cir. 1990).

Branum advances that the magistrate judge and district court abused their discretion by denying his motions for appointment of counsel. He also seeks appointment of counsel on appeal.

Even though Branum's complaint asserted numerous claims against many defendants, the case concerns matters that happened to Branum personally. The record clearly demonstrates Branum's ability to present his case. As such, neither the magistrate judge nor the district court abused their discretion in denying Branum's motions for appointment of counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). As Branum has not demonstrated exceptional circumstances or that appointment of counsel would substantially assist the resolution of this appeal, we deny his motion for appointment of counsel on appeal. See Santana v. Chandler, 961 F.2d 514, 515-16 (5th Cir. 1992).

AFFIRMED; MOTION FOR PRELIMINARY INJUNCTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.