NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 29, 2021
Decided January 28, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2883

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v*. <br><br> MARVEL THOMPSON, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:04-cr-00464 <br><br> Elaine E. Bucklo, <br> *Judge*. |

**O R D E R**

Former Black Disciples leader Marvel Thompson applied for a sentence reduction under Section 404 of the First Step Act. The district court granted the request by reducing Thompson's sentence from 540 to 360 months' imprisonment. Seeking a further reduction—to time served—Thompson asked the district court to reconsider his application. The district court declined the invitation and Thompson now appeals, contending the district court failed to consider his arguments in denying his motion to reconsider. Seeing no abuse of discretion by the district court, we affirm.

**I**

**A**

Marvel Thompson served as the "king" of the Black Disciples street gang from the early 1990s until at least 2003. See *United States v. White*, 582 F.3d 787, 794 (7th Cir. 2009). In that role, he shouldered responsibility for gang policy and directing the organization's drug-trafficking operations, which included selling "enormous quantities of cocaine, heroin, and marijuana in housing projects and elsewhere on Chicago's South and West Sides" and laundering the proceeds. *Id.* at 793–94. To protect these operations, the Black Disciples used younger gang members to provide security— supplying them guns and posting them at the housing projects where the gang sold drugs. The gang protected its drug operations by intimidating witnesses, using violence to collect debts, and shooting at police officers on patrol. See *id.* at 794.

In 2005, Thompson was charged in a 49-count superseding indictment for his involvement in the Black Disciples drug distribution network. He pled to a drug conspiracy count. At sentencing, the district court applied enhancements for Thompson's role as organizer and leader of the gang's drug activity, possessing and using a gun in connection with the drug dealing, and obstructing justice by lying to the court about his role in the Black Disciples during his plea colloquy. Though the government previously agreed to a reduction for acceptance of responsibility as part of the plea deal, the district court denied the offense level reduction based on Thompson's false statements. The resulting Guidelines advisory range was life imprisonment. In the end, the district court sentenced Thompson to 540 months (45 years).

We affirmed on direct appeal. See *White*, 582 F.3d at 793–98. In so doing, we concluded that the district court committed no error at sentencing in applying the obstruction enhancement and denying an offense level reduction for acceptance of responsibility. We also determined that the evidence established that Thompson ordered Leroy "Shady" Grady—a gang member suspected of cooperating with law enforcement—killed and "another gang member shot for violating gang rules." *Id.* at 796.

**B**

In April 2020, Thompson invoked Section 404 of the First Step Act, Pub. L. No. 115-391 (2018), and sought a reduced sentence of time served. The district court granted the motion in part. After concluding that Thompson was eligible for relief, the district

court examined the 18 U.S.C. § 3553(a) factors to determine whether relief was appropriate. What continued to trouble the district court was the nature and circumstances of Thompson's offense conduct, which the court found "could hardly be worse" and included ordering one gang member killed and another gang member shot. Thompson's claimed acceptance of "full responsibility" and intent to become a "productive member of society and set a positive example" were not persuasive to the court. Not only were Thompson's contentions "not new," the district court found them insincere and inconsistent with Thompson's prior efforts to minimize his criminal conduct. In the end, the court nevertheless concluded that some sentence reduction was appropriate given that Thompson had used his time in prison productively and now presented a lower risk of recidivism. So the court reduced the sentence to 360 months' imprisonment.

Thompson then asked the district court to reconsider its ruling. He did so by pressing two points that appeared nowhere in his original application for a sentence reduction. He argued that the court's decision not to reduce his sentence below 360 months rooted itself in inaccurate information. Thompson contended that the district court erred in the first instance in not affording him acceptance-of-responsibility credit and by finding anew that he was responsible for the Grady murder. The district court summarily denied the motion to reconsider.

Thompson now appeals the denial of his motion to reconsider.

**II**

As to both the denial of the original First Step Act motion and the motion for reconsideration, our review is for an abuse of discretion. See *United States v. Fowowe*, 1 F.4th 522, 526 (7th Cir. 2021). Thompson's arguments presented in the motion to reconsider but not in the original First Step Act motion are forfeited and therefore reviewed only for plain error. See *Adams v. Bd. of Educ. of Harvey Sch. Dist. 152*, 968 F.3d 713, 715 (7th Cir. 2020); *United States v. Burns*, 843 F.3d 679, 687 (7th Cir. 2016).

The district court's summary denial of Thompson's motion for reconsideration is not too brief to allow appellate review. True enough, we prefer that district courts offer reasoned explanations in their decisions. But a decision without explanation is still appealable when we can discern the reasoning from the record. See *Ross Bros. Const. Co., Inc. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir. 2002). Here, "a remand is unnecessary because the district court's reasons for denying the [motion] are apparent." *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003). This is because Thompson's

arguments had both already been implicitly rejected by the district court and in our opinion on direct appeal.

In its original First Step Act decision, the district court implicitly considered Thompson's arguments concerning the alleged breach of the plea agreement stemming from his obstruction of justice. Quoting our decision in *White*, 582 F.3d at 797, the district court reiterated that "Thompson obstructed justice when he 'lied about his role as king of the Black Disciples and disputed the degree to which he engineered the gang's drug-trafficking operations.'" The district court went on to observe that "Mr. Thompson has never acknowledged the full extent of his involvement in or control over the gang's violent—and extremely lucrative—drug operations." On this record, there was no error, plain or otherwise, in declining to give greater consideration to an argument that had been made in vain over more than a decade.

The district court similarly did not plainly err in rejecting the evidence Thompson put forth to show that he played no role in the Grady murder. The district court highlighted the many pieces of evidence showing that Thompson ordered Grady killed—a conclusion we too have reached. See *White*, 582 F.3d at 796. Thompson pointed to no new evidence or law suggesting any error with that prior determination. So the district court stood on solid ground relying on its prior rejections of the same arguments. See *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.").

We see no abuse of discretion by the district court in summarily denying the motion to reconsider. We therefore AFFIRM.